UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ZAKEYA GAY,

    Plaintiff,

v.

CASE NO.:

THE ELEVANCE HEALTH
COMPANIES, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ZAKEYA GAY, by and through undersigned counsel, brings this action against Defendant, THE ELEVANCE HEALTH COMPANIES, INC., and in support of her claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for violations of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 et seq. ("FMLA"), and the Americans with Disabilities Act of 1990, as amended ("ADA").

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 2601 et seq. This Court has pendant jurisdiction over the state law claims.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Hillsborough County, Florida.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida, and she worked at Defendant's place of business in Hillsborough County.

5. Defendant, The Elevance Health Companies, Inc., is authorized to do business in Florida and operates facility in Hillsborough County. At the time Plaintiff was employed, Defendant did business as Anthem Blue Cross Blue Shield.

## GENERAL ALLEGATIONS

6. At the time of these events, Plaintiff was an employee of Anthem Blur Cross Blue Shield, and she worked at least 1250 hours in the 12 months preceding her request for leave under the FMLA.

7. Thus, Plaintiff is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2611(2).

8. Defendant is considered an "employer" within the meaning of the FMLA, 29 U.S.C. § 2611(4) who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to Plaintiff seeking leave under FMLA.

## FACTS

9. Plaintiff began working for Defendant on or around June 4, 2017, as a Customer Service Agent.

10. In January of 2021, Plaintiff had a death in her family, which required her to travel out of state to Connecticut. Defendant granted Plaintiff three (3) days for bereavement.

11. When Plaintiff returned from out of state, she immediately experienced a miscarriage. Plaintiff notified Defendant, as she would need to miss work to seek medical attention.

12. Despite Plaintiff's medical emergency, Defendant did not allow Plaintiff any additional time off work, nor did Defendant offer FMLA leave to Plaintiff.

13. In retaliation for requesting time off to attend to her health, Plaintiff was written up for missing work and put on a Corrective Action Plan.

14. Subsequently, Plaintiff sought medical attention from her primary care doctor, who advised Plaintiff that she may need to take additional time off work to rest and care for herself.

15. Plaintiff had a serious health condition within the meaning of the FMLA.

16. Plaintiff was a qualified individual with a disability who could perform the essential functions of her job with or without reasonable accommodations.

17. In January 2021, Plaintiff requested FMLA leave for her mental health condition. Plaintiff submitted the necessary paperwork to Defendant, however her FMLA leave request was denied.

18. Due to plaintiff's medical condition, and Defendant having already erroneously denied her FMLA leave request, plaintiff requested a leave of

absence with short term disability. This request was also denied by Defendant.

19. Despite Plaintiff providing Defendant with all of the necessary paperwork, and being otherwise eligible for FMLA, Defendant required Plaintiff's clinical treatment notes from her session with her mental health provider, before approving any leave request.

20. Plaintiff exercised her rights under the FMLA by requesting/ attempting to request leave and providing necessary paperwork to Defendant.

21. Defendant interfered with Plaintiff's rights under the FMLA, and unreasonably failed to engage in the interactive process that would have resulted in a reasonable accommodation for plaintiff.

22. Plaintiff made several complaints to management about the treatment she received in retaliation to her request for FMLA leave or an accommodation for her medical conditions, but Defendant failed to take action to remedy the situation.

23. Plaintiff was forced to resign from her employment in March 2022 as a result of Defendant's actions.

## COUNT I – FMLA INTERFERENCE

24. Plaintiff realleges and readopts the allegations of paragraphs 1 through 23 of this Complaint, as fully set forth herein.

4

25. Plaintiff required time off from work to care for herself because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

26. Plaintiff exercised her rights under the FMLA, and Defendant interfered with the exercise of Plaintiff's rights under the FMLA, in violation of 29 U.S.C. §§ 2614(a)(1)(A) and 2615(a)(2).

27. Defendant's actions were willful and done with malice.

28. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment that Defendant interfered with Plaintiff's rights, in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

### COUNT II – FMLA RETALIATION

29. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 23 of this Complaint, as fully set forth herein.

30. Plaintiff required time off from work to care for herself because she suffered from a serious health condition within the meaning of the FMLA, requiring leave protected under the FMLA.

31. Plaintiff engaged in protected activity under the FMLA by exercising and/or attempting to exercise her FMLA rights.

32. Defendant retaliated against Plaintiff for attempting to exercise her rights under the FMLA by forcing Plaintiff to resign.

33. Defendant's actions were willful and done with malice.

34. Plaintiff was injured by Defendant's violations of the FMLA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) That this Court enter a judgment, stating that Defendant retaliated against Plaintiff in violation of the FMLA;

(b) An injunction restraining continued violation of the FMLA by Defendant;

(c) Compensation for lost wages, benefits, and other remuneration;

(d) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position with back pay plus interest, pension rights and all benefits or, in the alternative, the entry of a judgment under 29 U.S.C. § 2617(a)(1)(A)(i)(II), against Defendant and in favor of Plaintiff, for the monetary losses that Plaintiff suffered as a direct result of Defendant's violations of the FMLA;

(e) Front pay;

(f) Liquidated Damages;

(g) Prejudgment interest on all monetary recovery obtained;

(h) All costs and attorney's fees incurred in prosecuting these claims; and

(i) For such further relief as this Court deems just and equitable.

## **COUNT III—ADA VIOLATION**

35. Plaintiff realleges and readopts the allegations of Paragraphs 1-23 of this Complaint, as though fully set forth herein.

36. Plaintiff is disabled, or was perceived by Defendant as being disabled.

37. Defendant failed to provide Plaintiff with a reasonable accommodation for her disability, and shortly thereafter forced Plaintiff to resign from her employment.

38. Defendant's actions were willful and done with malice.

39. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issues and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of law enumerated herein;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Compensatory damages, including emotional distress, allowable at law;

g) Punitive damages;

h) Prejudgment interest on all monetary recovery obtained;

i) All costs and attorney's fees incurred in prosecuting these claims; and

j) For such further relief as this Court deems just and equitable.

## **COUNT IV – ADA RETALIATION**

40. Plaintiff realleges and readopts the allegations of paragraphs 1-23 of this Complaint, as though fully set forth herein.

41. As a qualified individual with a disability whom Defendant knew or perceived to be disabled, Plaintiff is a member of a protected class under the ADA.

42. Plaintiff engaged in protected activity under the ADA by requesting an accommodation.

43. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by forcing Plaintiff to resign from her employment.

44. Defendant's actions were willful and done with malice.

45. The adverse employment action that Defendant took against Plaintiff was material.

46. Plaintiff was injured due to Defendant's violations of the ADA, for which she is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a) A jury trial on all issues so triable;

    b) That process issue and that this Court take jurisdiction over the case;

    c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

d) That this Court enter an injunction restraining continued violation of the ADA;

e) Compensation for lost wages, including back pay with interest, benefits, and other remuneration for violation of the Plaintiff's civil rights;

f) Reinstatement of Plaintiff to a position comparable to her prior position, or in the alternative, front pay;

g) Reinstatement of Plaintiff's full fringe benefits and seniority rights;

h) Any other compensatory damages, including emotional distress, allowable at law;

i) Punitive damages;

j) Prejudgment interest on all monetary recovery obtained.

k) All costs and attorney's fees incurred in prosecuting these claims; and

l) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 25th day of October, 2022.

          Respectfully submitted,

          <u>/s/ Brandon J. Hill</u>
          **BRANDON J. HILL**
          Florida Bar Number: 0037061
          Direct Dial: 813-337-7992
          **AFRICA F. ALTIDOR**
          Florida Bar Number: 124595
          Direct Dial: 813-321-4085
          **WENZEL FENTON CABASSA, P.A.**
          1110 N. Florida Avenue, Suite 300
          Tampa, Florida 33602
          Main Number: 813-224-0431
          Facsimile: 813-229-8712
          Email: bhill@wfclaw.com
          Email: aaltidor@wfclaw.com
          Email: aketelsen@wfclaw.com
          Attorneys for Plaintiff